2010 OK 22

**STATE of Oklahoma, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Katherine T. WALLER, Respondent.**

**SCBD No. 5564.**

Supreme Court of Oklahoma.

March 8, 2010.

### ORDER APPROVING RESIGNATION FROM THE OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 The Oklahoma Bar Association filed a grievance against Respondent, Katherine T.

---

Waller, alleging incompetence, neglect and trust fund violations. The grievance was combined with numerous other complaints of client neglect. Pursuant to Rule 8 (Resignation Pending Disciplinary Proceedings), Rules Governing Disciplinary Proceedings, Respondent submitted an affidavit filed September 24, 2009, seeking to resign her membership in the Oklahoma Bar Association and relinquish her right to practice law pending disciplinary proceedings. On the same date Complainant filed an application to this Court for an order approving the resignation of Respondent. Upon consideration of the matter we find:

1. Respondent executed an affidavit on September 24, 2009, wherein she asks to be allowed to resign her membership in the Oklahoma Bar Association and relinquish her right to practice law. Although she is aware her resignation is subject to the approval of this Court within its discretion, she intends it to be effective from the date of its execution and represents she will conduct her affairs accordingly.

2. Respondent's resignation was freely and voluntarily tendered, she was not subject to coercion or duress, and she was fully aware of the consequences of submitting her resignation.

3. Respondent is aware that grievances were lodged against her and are pending with the Office of the General Counsel of the Oklahoma Bar Association. They include:

a) Grievance DC 07–51 alleging that Respondent entered into a contract to file an immigration matter and neglected it by not filing the requisite documents with the INS; that she failed to respond to clients' inquiries and did not account for the expenditure of client funds; and that Respondent converted client funds for her personal benefit, failed to properly maintain a client trust account and commingled client funds with personal funds.

B) Grievances DC 09–49, DC 09–47, DC 09–90, DC 09–91, DC 09–129, DC 09–157, DC 09–161, and DC 09–216, alleging, all or in part, that Respondent was hired to represent clients in immigration matters and failed to file necessary documents; that she failed to advise, communicate, or respond to clients; that she failed to earn a fee; and that she provided incompetent work.

4. Respondent is aware the conduct that she engaged in constitutes violations of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2001, Ch. 1, App. 3–A, and her oath as attorney.

5. Respondent's Oklahoma Bar Association Number is 15051 and her official roster address is: 406 South Boulder Avenue, Ste. 400, Tulsa, OK 74103. Respondent's Oklahoma Bar Association card has been returned to the Office of the General Counsel of the Oklahoma Bar Association.

6. Respondent has familiarized herself with the provisions of Rule 9.1, Rules Governing Disciplinary Proceedings and has agreed to comply with the provisions of such Rule.

7. Respondent acknowledges and agrees she may be reinstated to practice law only upon full compliance with the conditions and procedures prescribed by Rule 11, Rules Governing Disciplinary Proceedings and that pursuant to Rule 8.2, Rules Governing Disciplinary Proceedings, she may make no application for reinstatement to the practice of law prior to the expiration of five years from the effective date of the Order approving her resignation pending disciplinary proceedings.

8. Respondent acknowledges and agrees she is to cooperate with the Office of the General Counsel in providing her current contact information and identifying any active cases wherein client documents and files need to be returned to the client or forwarded to new counsel, and as to any fees or funds owed by her to clients and the amount owed.

9. Respondent acknowledges that as a result of her conduct, the Client Security Fund may receive claims from her former clients, that the Oklahoma Bar Association will attempt to contact her or her attorney for a response, and that the Client Security Fund Committee may recommend payment be made to the claimant from the Client Security Fund. Respondent agrees,

that should the Oklahoma Bar Association approve and pay such claims, she will reimburse the Client Security Fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

10. The resignation pending disciplinary proceedings of Respondent is in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings.

11. The Oklahoma Bar Association did not ask for costs.

¶2 **IT IS ORDERED** that Complainant's application for an Order approving the resignation of Respondent, Katherine T. Waller, is granted and Respondents' resignation is accepted and approved, and her right to practice law is relinquished.

¶3 **IT IS FURTHER ORDERED** that Respondent's name, Katherine T. Waller, be stricken from the Roll of Attorneys. Because resignation is tantamount to disbarment, Waller may not apply for reinstatement to membership in the Oklahoma Bar Association prior to expiration of five years from the effective date of this order.

¶4 **IT IS FURTHER ORDERED** that Waller shall comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the attorney shall be one of the conditions for reinstatement.

¶5 **DONE IN CONFERENCE BY ORDER OF THE SUPREME COURT THIS 8th DAY OF MARCH, 2010.**

¶6 ALL JUSTICES CONCUR.